IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:98-cr-15 |
| | ) | Civil Action No. 1:16-cv-815 |
| NORMAN RAY WILLIS | ) | |

## MEMORANDUM OPINION

In 1998, defendant pled guilty to one count of armed bank robbery, in violation of 18 U.S.C §§ 2113(a) and (d), and one count of using a firearm in relation to a "crime of violence," in violation of 18 U.S.C. § 924(c). On the § 924(c) count, defendant, as required by statute, was sentenced to a term of 60 months' imprisonment with that sentence to run consecutive to defendant's sentence imposed on the armed bank robbery count.[1] Now, almost two decades later, defendant has moved[2] pursuant to 28 U.S.C. § 2255 to vacate and set aside his § 924(c) conviction and sentence on the ground that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), operates to invalidate § 924(c)'s residual clause.[3] The

---

[1] At the time of defendant's conviction and sentencing, § 924(c)(1) imposed a mandatory minimum, consecutive sentence of five years if a defendant "use[d] or carrie[d] a firearm" during and in relation to a crime of violence. 18 U.S.C. § 924(c)(1) (1996). Shortly thereafter, in November 1998, the statute was amended to require a consecutive seven-year sentence if a defendant "brandished" a firearm during and in relation to a crime of violence. 18 U.S.C. § 924(c)(1)(A)(ii) (1998) (current version at 18 U.S.C. § 924(c)(1)(A)(ii) (2012)).

[2] Defendant originally filed the instant motion *pro se*, but counsel was appointed soon thereafter. *United States v. Norman Ray Willis*, Criminal No. 1:98-cr-15 (E.D. Va. Aug. 4, 2016) (Order).

[3] Section 924(c)(3) defines a "crime of violence" as any felony:
   (A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
   (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

1

government disagrees, contending that defendant's motion is barred as untimely and that in any event, defendant's conviction and sentence are based not on § 924(c)'s residual clause, but on § 924(c)'s force clause, a provision not addressed by the Supreme Court's decision in *Johnson*.

Because the matter has been fully briefed and the facts and law are fully set forth in the existing record, neither oral argument nor an evidentiary hearing would aid the decisional process.[4] Accordingly, the matter is now ripe for disposition.[5] For the reasons stated below, defendant's motion must be denied.

I.

According to the Statement of Facts to which defendant swore during his guilty plea, defendant, armed with a shotgun, entered the First Union Bank in Alexandria, Virginia on the morning of December 4, 1996. Once inside the bank, defendant approached a bank employee, pointed the shotgun at her, and demanded money. The employee complied with defendant's demand by giving defendant $2,185, which defendant placed in a bag. Defendant then fled the bank by car and nine days later was apprehended at a Maryland hotel.

On March 12, 1998, defendant pled guilty to one count of armed bank robbery, in violation of 18 U.S.C §§ 2113(a) and (d) (Count 1), and one count of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 2). On May 29, 1998,

---

18 U.S.C. § 924(c)(3). Subsection (A) and subsection (B) of § 924(c)(3) are commonly referred to as the "force clause" and the "residual clause," respectively. *See United States v. McNeal*, 818 F.3d 141, 151-52 (4th Cir. 2015).

[4] Importantly, § 2255(b) provides that a hearing is unnecessary where, as here, "the motion and the files of the case conclusively show that the prisoner is entitled to no relief[.]"

[5] Defendant requested that this matter be held in abeyance pending resolution by the Fourth Circuit of several cases scheduled soon for oral argument. Because this matter may be resolved without reference to the constitutionality of § 924(c)'s residual clause, those cases are inapposite and defendant's request must be denied.

defendant received a sentence of 235 months' imprisonment on Count 1, and a sentence of 60 months' imprisonment on Count 2, to run consecutive to the 235-month sentence imposed on Count 1. A month later, the government's motion to reduce defendant's sentence pursuant to Rule 35, Fed. R. Crim. P., was granted. Accordingly, defendant's sentence for Count 1 was reduced to 120 months. Defendant's § 924(c) sentence, which was to run consecutive to the sentence imposed for Count 1, remained in full force and effect.

On June 26, 2015, nearly two decades after defendant's sentence was imposed, the Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), addressing the definition of "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Specifically, the Supreme Court in *Johnson* held that the ACCA residual clause in § 924(e)(2)(B)(ii) defining a "violent felony" as including an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague, and therefore that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. Thereafter, on April 18, 2016, the Supreme Court held that *Johnson* announced a new "substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

On June 22, 2016, shortly after the Supreme Court's decision in *Welch*, defendant filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed on him for his conviction pursuant to § 924(c) on the ground that the Supreme Court's decision in *Johnson* operates to invalidate this conviction. Specifically, defendant contends that his conviction for armed bank robbery, in violation of 18 U.S.C. § 2113, cannot constitutionally function as a predicate offense for his § 924(c) conviction. First, in defendant's view, *Johnson*'s

reasoning with respect to the ACCA's residual clause renders unconstitutional § 924(c)'s residual clause. Second, defendant asserts that because § 2113 can be violated solely through intimidation, defendant's armed bank robbery does not qualify as a crime of violence pursuant to § 924(c)'s force clause, but instead falls under § 924(c)'s residual clause. Finally, defendant argues that because *Johnson* operates to invalidate § 924(c)'s residual clause, defendant's § 924(c) conviction is unconstitutional.

On July 14, 2016, the government filed a response, contending that defendant's § 2255 motion is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2255(f). The government further argued that Fourth Circuit case law has squarely concluded that a robbery committed through intimidation, as defined by § 2113, is a crime of violence under § 924(c)'s force clause; accordingly, in the government's view, defendant's conviction does not implicate either the *Johnson* decision or § 924(c)'s residual clause.

**II**.

To begin with, the government challenges defendant's § 2255 motion as untimely. Specifically, the government asserts that because defendant filed his § 2255 motion approximately two decades after his § 924(c) conviction and sentence became final, his § 2255 motion is barred by the one-year limitations period set forth in 28 U.S.C. § 2255(f)(1). Defendant seeks to avoid this result by contending that his § 2255 motion is timely because pursuant to 28 U.S.C. § 2255(f)(3), the one-year limitations period runs from June 26, 2015, the date *Johnson* was decided, and defendant filed his § 2255 motion less than a year later.

Section 2255(f)(3) provides that a one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

review." *Id.*[6] In this regard, the Fourth Circuit has explained that

> to obtain the benefit of the limitations period stated in § 2255(f)(3), [a movant] must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been … made retroactively applicable to cases on collateral review'; and (3) that [the movant] filed his motion within one year of the date on which the Supreme Court recognized the right.

*United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012) (quoting § 2255(f)(3)). Importantly, § 2255(f)(3) requires that the new right be recognized by the Supreme Court itself before a movant may properly invoke § 2255(f)(3).[7]

---

[6] *See also Dodd v. United States*, 545 U.S. 353, 357-58 (2005) (explaining that the § 2255(f)(3) limitations period runs from the date on which the Supreme Court recognizes the new right, not the date on which the new right was "made retroactive[]").

[7] Embedded in the parties' dispute on timeliness is a question as to the meaning of the term "right" as used in § 2255(f)(3). On one hand, the term "right" may be construed broadly—for instance, the "right" announced by the Supreme Court in *Johnson* could be the fundamental prohibition against unconstitutional vagueness in criminal statutes. On the other hand, the term "right" as used in § 2255(f)(3) may refer instead to the narrow *rule* or *holding* announced in a Supreme Court case—for example, *Johnson*'s holding that the ACCA residual clause is unconstitutionally vague. Consistent with the Supreme Court's decision in *Teague v. Lane*, 489 U.S. 288 (1989), and well-reasoned circuit court opinions, the narrower reading is the correct interpretation of the term "right" in § 2255(f)(3). *See, e.g.*, *Headbird v. United States*, 813 F.3d 1092, 1094 (8th Cir. 2016) and cases cited therein. A contrary construction of "right" would lead to the anomalous result that a decision such as *Johnson*, which invalidated ACCA's residual clause, could never trigger a year-long window pursuant to § 2255(f)(3). This is so because if the term "right" is construed broadly, then no defendant could rely on *Johnson* to satisfy § 2255(f)(3)'s requirement that the "right" be "newly recognized," as the prohibition against unconstitutionally vague criminal statutes is hardly new. In other words, a broad interpretation of the term "right" as used in § 2255(f)(3) would preclude any defendant sentenced under the ACCA residual clause from relying on *Johnson* to bring a § 2255 motion if that defendant's sentence became final more than a year before *Johnson* was decided. Such a result would be at odds with the Supreme Court's decision in *Welch*, a case which effectively enabled prisoners sentenced under the ACCA residual clause before *Johnson* was decided to bring collateral attacks on their sentences. *See Welch*, 136 S. Ct. at 1268. Accordingly, the term "right" as used in § 2255(f)(3) is properly construed to mean the *rule* or *holding* announced by the Supreme Court. For a more complete discussion of the correct interpretation of the term "right" as used in § 2255(f)(3), see, for instance, *United States v. Le*, --- F. Supp. 3d --- (E.D. Va. Sept. 8, 2016).

Simply put, defendant's argument fails because *Johnson* announced no new right applicable to § 924(c). The Supreme Court's holding in *Johnson* was limited to the ACCA residual clause and did not address § 924(c). Indeed, as the Fourth Circuit observed, although "the Supreme Court held unconstitutionally vague the [ACCA residual clause], … the [Supreme] Court had no occasion to review the … residual clause [of § 924(c)]." *United States v. Fuertes*, 805 F.3d 485, 499 n.5 (4th Cir. 2015). Thus, defendant's contention—that § 924(c)'s residual clause is unconstitutionally vague—simply was not a right announced by the Supreme Court in *Johnson*. Accordingly, defendant's § 2255 motion must be dismissed as untimely because, although § 2255(f)(3) does grant a year-long window for defendants with valid *Johnson* claims, this defendant has no such claim, and § 2255(f)(3) does not apply here.

### III.

Yet, even assuming, *arguendo*, that defendant's *Johnson* claim is timely, and that *Johnson* operates to invalidate § 924(c)'s residual clause, defendant's motion nonetheless fails on the merits. This is so because defendant's § 2113 bank robbery conviction triggers § 924(c)'s force clause, not its residual clause.

Defendant, seeking to avoid this result, contends that § 2113 bank robbery fails to qualify as a crime of violence pursuant to § 924(c)'s force clause because § 2113 bank robbery can be accomplished solely through intimidation. Thus, in defendant's view, § 2113 bank robbery falls under § 924(c)'s residual clause which, in turn, is unconstitutionally vague pursuant to *Johnson*. This argument is unavailing, as just six months ago the Fourth Circuit squarely held that both §§ 2113(a) and (d) fall within § 924(c)'s force clause. *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016). Specifically, the Fourth Circuit held that bank robbery in violation of §§ 2113 (a) and (d) is

6

> a "crime of violence" within the meaning of the force clause of 18 U.S.C. § 924(c)(3), because it "has as an element the use, attempted use, or threatened use of physical force"—specifically, the taking or attempted taking of property "by force and violence, or by intimidation."

*Id.* (quoting 18 U.S.C. § 924(c)(3)(A)). This is true, the Fourth Circuit concluded, even where the robbery occurred solely "by intimidation," because intimidation "requires the threatened use of physical force" and thereby "constitutes a crime of violence under the force clause of § 924(c)(3)." *Id.* at 153.

Furthermore, in concluding that bank robbery in violation of §§ 2113(a) and (d) constitutes a crime of violence under § 924(c)'s force clause, the Fourth Circuit noted that the Supreme Court's decision in *Johnson* was inapposite. In this regard, the Fourth Circuit observed that because § 2113 bank robbery falls under § 924(c)'s force clause, it was unnecessary to consider what effect, if any, *Johnson* might have on § 924(c)'s residual clause. *Id.* at 152 n.8 ("Because § 2113(a) bank robbery satisfies the § 924(c)(3) force clause, we do not consider whether *Johnson* renders the § 924(c)(3) residual clause unconstitutionally vague."). Accordingly, because defendant's § 924(c) conviction was predicated on a bank robbery offense that constitutes a crime of violence pursuant to § 924(c)'s force clause, *Johnson* does not apply and defendant's § 2255 motion must fail on the merits.

In opposition to this conclusion, defendant contends that the Fourth Circuit's decision in *McNeal* was wrongly decided because it relied on a case, *United States v. Presley*, 52 F.3d 64 (4th Cir. 1995), that evaluated Virginia's state robbery statute. Defendant's contention is unpersuasive, as it overlooks the binding nature of Fourth Circuit precedent and fails to recognize that the Fourth Circuit's holding in *McNeal* does not turn on the interpretation of state law. Indeed, in holding that § 2113 bank robbery constitutes a crime of violence under the force clause set forth in § 924(c), the Fourth Circuit in *McNeal* surveyed numerous cases that

compelled such a conclusion. For instance, the Fourth Circuit analyzed *United States v. Adkins*, 937 F.2d 947 (4th Cir. 1991), a case in which the Fourth Circuit observed that "armed bank robbery is unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *McNeal*, 818 F.3d at 152 (quoting *Adkins*, 937 F.2d at 950 n.2) (quoting § 924(c)(3)(A)). Similarly, the *McNeal* court examined *United States v. Davis*, 915 F.2d 132 (4th Cir. 1990), a case which held that § 2113(a) bank robbery is a crime of violence under the force clause of United States Sentencing Guideline § 4B1.2—a provision that resembles § 924(c)'s force clause. *See McNeal*, 818 F.3d at 152. In addition, the Fourth Circuit in *McNeal* considered analogous statutes and several other circuit court cases in concluding that § 2113 bank robbery was a crime of violence pursuant to § 924(c)'s force clause. *See id.* at 152-56 and cases cited therein. As a result, defendant's argument—which isolates just one case cited in *McNeal*—is unavailing.

In sum, assuming, *arguendo*, that defendant's *Johnson* claim is timely pursuant to § 2255(f), his § 2255 motion nonetheless fails because defendant's § 924(c) conviction does not depend on § 924(c)'s residual clause. Instead, defendant's 924(c) conviction is based on his violation of 18 U.S.C. §§ 2113(a) and (d) which, as the Fourth Circuit held in *McNeal*, is unquestionably a crime of violence pursuant to § 924(c)'s force clause.

## IV.

Accordingly, defendant's § 2255 motion must be denied because that motion is untimely and meritless.

An appropriate Order will issue.

Alexandria, Virginia
September 20, 2016

/s/ T. S. Ellis, III
United States District Judge

8